IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA DILEO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 17-CV-3680 |
| | ) | Hon. Jeffrey T. Gilbert |
| MEIJER STORES LIMITED | ) | |
| PARTNERSHIP and MEIJER | ) | |
| GREAT LAKES LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case is now before the Court on Plaintiff's Motion to Bar Defense Expert Dr. Andrew Zelby [ECF No. 274]. For the reasons discussed below, Plaintiff's Motion to Bar Defense Expert Dr. Andrew Zelby is denied.

As the Court noted in another order issued today in this case [ECF No. 288], the parties have had a great deal of difficulty complying with the expert witness disclosure obligations imposed by Rule 26(a)(2) of the Federal Rules of Civil Procedure. They repeatedly have had to seek the Court's assistance to resolve disputes large and small which, unfortunately, has delayed the progress of this 2017 case.[1] Fortunately, the parties seem to be nearing the end of discovery.

The reason for this latest motion concerning expert witness disclosures is Defendant's untimely and deficient Rule 26(a)(2)(B)(v) disclosure for one of its expert witnesses, Dr. Andrew Zelby. Defendant provided its Rule 26(a)(2)(B) disclosure for Dr. Zelby on October 12, 2020, which was when it was due [ECF No. 257]. Defendant then followed that initial disclosure with

---

[1] *See, e.g.,* ECF Nos. 117, 137, 172, 191, 202, 230, 231, 232, 233, 257.

three amended and updated disclosures over the next two weeks that identified many more cases in which Dr. Zelby had testified as an expert witness either at a deposition or trial than had been included in Defendant's initial disclosure pursuant to Rule 26(a)(2)(B)(v). Defendant's last updated disclosure was tendered just the day before Dr. Zelby was scheduled to be deposed on October 29, 2020. It added 18 new cases, 10 of which were within the past two years. But Plaintiff says, without apparent dispute, that Defendant's fourth and last disclosure for Dr. Zelby on October 28, 2020, still was missing at least 18 more cases in which Dr. Zelby was deposed in recent years and that another seven of the listed cases were misidentified. Plaintiff took Dr. Zelby's deposition on the day it was scheduled to be taken while reserving her right to raise Defendant's tardy and incomplete Rule 26(a)(2)(B)(v) disclosure after the deposition. *See* Email from Plaintiff's counsel dated 10/28/20) [ECF No. 273-12] ("I do not waive any claim to bar Dr. Zelby due to his . . . not producing a full case log at the time of disclosure (and only partial last night) . . . ."). She then filed this Motion to Bar [ECF No. 274].

    A court clearly has the discretion to bar an expert witness from testifying at trial for a party that does not provide a proper and timely Rule 26(a)(2)(B) disclosure under Rule 37(c) of the Federal Rules of Civil Procedure. Rule 37(c) says "[if] a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless." In the Court's view, as explained below, the explanations offered by Defendant in response to Plaintiff's Motion suffice do not suffice to show that Defendant's untimely and deficient disclosure of cases in which Dr. Zelby served as an expert witness were either substantially justified or harmless. Yet, as also explained below, the Court does not find that barring Dr. Zelby from testifying at trial is an appropriate sanction here. Other sanctions are

available that serve the purposes of Rule 26 and Rule 37 of the Federal Rules of Civil Procedure without the harsh result of depriving Defendant of the trial testimony of Dr. Zelby. *See Duff v. Grandberry,* 2017 WL 1375539 (N.D. Ill. April 17, 2017).

In terms of substantial justification, Defendant says essentially (and the Court is characterizing Defendant's position here) that Dr. Zelby is a busy expert witness, he has been involved in many, many cases, and it was difficult for him and Defendant to compile a complete and accurate list of all his past cases for purposes of the Rule 26(a)(2)(B)(v) disclosure required in this case. Difficult or not, however, that is what Rule 26(a)(2)(B)(v) requires. Indeed, one would expect such a prolific expert witness to maintain an accurate record of the cases in which he testified for precisely this kind of occasion. There really is no good excuse for Defendant to have dribbled out Dr. Zelby's past cases the way it did here. The parties dispute whether Dr. Zelby's disclosure should have included the hundreds of arbitrations in which he has given testimony in his Rule 26(a)(2)(B)(v) disclosure but neither party cites any authority on whether arbitrations need to be included in such a disclosure. The Court is not going to do that research itself. But even without considering the arbitrations, Defendant's disclosures were deficient and untimely without substantial justification.

Defendant also argues that Plaintiff suffered no harm from Defendant's deficient and untimely disclosures because Defendant identified many of Dr. Zelby's cases before his deposition, Plaintiff's counsel did his own independent investigation and located cases not disclosed by Defendant, and counsel had ample time to examine Dr. Zelby about all these cases during his deposition. The tardy and incomplete disclosures were not harmless. They caused Plaintiff's counsel to waste a lot of time and effort scouring the public record for cases that Defendant should have disclosed but did not. That hampered counsel's preparation for Dr. Zelby's

3

deposition and his examination of him during his deposition. Plaintiff was entitled to a Rule 26 disclosure for Dr. Zelby that complied with the Federal Rules and she did not get that or, frankly, anything close to it

Defendant is correct, however, that barring Dr. Zelby from testifying at trial is too harsh a sanction for what occurred here under the circumstances of this case particularly with no trial date set or on the horizon. According to Defendant, even if it violated the rules, "ample time exists for any alternative relief to be accomplished if this Court deems necessary." *See* Defendant's Response [ECF No. 277] at 12. The Court agrees. The harm here can be mitigated by requiring Defendant to produce a proper and inclusive amended Rule 26(a)(2)(B)(v) disclosure, and then by allowing Plaintiff to depose Dr. Zelby about any new information contained in that disclosure that was not included in his prior disclosures. So, that is what the Court will order. Plaintiff can take an additional three hours of time to depose Dr. Zelby about the amended disclosure. Defendant will pay the court reporter's attendance fee for the additional deposition time and pay for any transcript that Plaintiff orders for that deposition. *See Duff v. Grandberry,* 2017 WL 1375539, at *3-4.

Accordingly, for the reasons discussed in this Memorandum Order, Plaintiff's Motion to Bar Defense Expert Dr. Andrew Zelby [ECF No. 274] is denied. Defendant, however, shall produce a proper and inclusive amended Rule 26(a)(2)(B)(v) disclosure for Dr. Zelby on or before April 26, 2020, or 21 days from the date of this Order. Plaintiff is given leave to depose Dr. Zelby about any information contained in that amended disclosure that was not included in his prior disclosures within 30 days of Defendant's production of an amended Rule 26(a)(2)(B)(v) disclosure. Defendant shall pay the cost of the court reporter for that deposition as well as for any

4

transcript of Dr. Zelby's continued deposition that Plaintiff may order. If the dates set in this Order do not work for the parties or Dr. Zelby, then the parties can ask the Court to adjust those dates.

It is so ordered.

Dated: April 5, 2021

_____
Jeffrey T. Gilbert
United States Magistrate Judge